IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LARRY B. JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:18-CV-86-M |
| | § | |
| JAMES W. VOLBERDING, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C § 636(b) and *Special Order 3*, plaintiff's pro se pleading was automatically referred to the United States Magistrate Judge. For the following reasons, this case should be dismissed for want of jurisdiction.[1]

I.
BACKGROUND

From the scant information provided by petitioner, and the Court's own review of the Texas Supreme Court website, it appears petitioner, an inmate incarcerated at the Neal Unit in Potter County, Amarillo, Texas, filed a civil suit against his writ attorney, James Volberding ("Volberding"), alleging fraud, theft and possibly other causes of action in Potter County, Texas. It appears the defendant, a resident of Smith County, Texas, requested a change of venue, and the state trial court transferred the case to Smith County.  Ultimately, it appears the trial court dismissed the case as frivolous. Plaintiff then appealed to the Twelfth Court of Appeals in Tyler,

---

[1] This Clerk docketed this pleading entitled "Notice of Appeal from a Denied Petition for Review and a Denied Motion for Rehearing" as one for miscellaneous relief.

Texas. That court dismissed the case because petitioner failed to comply with the requirement he provide the court with an affidavit or declaration of previous filings detailing all pro se actions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (West Supp. 2016). Petitioner appealed this dismissal to the Texas Supreme Court; however, Texas's highest court denied his petition for review on February 9, 2018, and his motion for rehearing on April 6, 2018. It appears that petitioner has filed the instant pleading in an attempt to appeal the decision of the Texas Supreme Court. [ECF 3 at 1].

II.
ANALYSIS

At the outset, the Court must examine the threshold question of whether it has subject-matter jurisdiction. It is an issue of the utmost importance and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *See System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). At issue in the instant case, is this Court's jurisdiction to hear an appeal from the Texas Supreme Court. As stated in *Weekly v. Morrow*,

> No statute exists, however, granting federal district courts jurisdiction to hear appeals from state court decisions. 28 U.S.C. § 1257 provides that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari...." No parallel provision exists similarly granting appellate jurisdiction over state court decisions to the inferior federal courts. The Supreme Court has definitively established, in what has become known as the *Rooker–Feldman* doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.

204 F.3d 613, 615 (5th Cir. 2000) (internal citations and caselaw quotations omitted). In other words, this federal court lacks jurisdiction to review or modify the state court order(s) of which petitioner complains. Instead, the only federal court that is permitted to review state court decisions is the United States Supreme Court, thought a writ of certiorari. *See id.*

Because this Court is without jurisdiction to hear plaintiff JOHNSON's appeal of the Texas Supreme Court's denial of his case, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for writ of mandamus be DISMISSED.

III.
RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for writ of mandamus filed by petitioner LARRY B. JOHNSON be DISMISSED due to lack of subject-matter jurisdiction.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 20, 2018.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by

electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).